

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                        :
UNITED STATES OF AMERICA                :    PROTECTIVE ORDER
                                        :
     - v. -                             :
                                        :    17 Cr. 686 (LAK)
JAMES GATTO, a/k/a "Jim,"               :
MERL CODE, and                          :
CHRISTIAN DAWKINS                       :
                                        :
               Defendants.              :
                                        :
- - - - - - - - - - - - - - - - - - - -x
```

WHEREAS, the United States of America seeks to provide in unredacted form certain evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

WHEREAS, some material that the Government seeks to provide (i) contains sensitive information that affects the privacy and confidentiality, including personally identifiable information, of specific individuals; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

IT IS HEREBY agreed, by and between the United States

1

of America, Joon H. Kim, Acting United States Attorney, by Robert Boone, Edward B. Diskant, Noah D. Solowiejczyk, and Aline R. Flodr, Assistant United States Attorneys, of counsel, and defendants JAMES GATTO, a/k/a "Jim," CHRISTIAN DAWKINS, and MERL CODE, by and through their respective counsel, that:

1. Any material reflecting (i) sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information) or (ii) confidential information that could jeopardize the Government's ongoing criminal investigation (including, but not limited to, video recordings, photographs, audio recordings, judicially authorized wiretap recordings, wiretap applications, and line sheets and transcripts of judicially authorized wiretap recordings) produced by the Government in this action is deemed "Confidential Information" and shall be so identified by the Government.

2. Confidential Information disclosed to the defendants or to their counsel during the course of proceedings in this action:

(a) Shall be used by the defendants and their

2

counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

(b) Shall be maintained in a safe and secure manner solely by the defendants[1] and their counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendants or their counsel except as set forth in paragraph 2(c) below;

(c) May be disclosed by the defendants or their counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendants' counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendants' counsel in connection with this action;

(iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies

---

[1] In the event that any of the defendants retains a copy of the Confidential Information, they shall store such materials at their primary residence in a secure manner and shall not take

of the Confidential Information; and

>(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

>(d) All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the individual defendant's counsel, who shall retain such copy.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District

---

such materials outside of their residence or otherwise share such materials.

Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, however, or should be filed under seal.

       5. The provisions of this Order shall not be construed as preventing defense counsel in this case and in the cases of *United States* v. *Chuck Connors Person et al.*, 17 Cr. 683 (LAP), and *United States* v. *Lamont Evans et al.*, 17 Cr. 684 (ER), from sharing Confidential Information with each other.

       6. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

Dated:   New York, New York
            November 28, 2017

SO ORDERED:

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, however, or should be filed under seal.

      5. The provisions of this Order shall not be construed as preventing defense counsel in this case and in the cases of *United States* v. *Chuck Connors Person et al.*, 17 Cr. 683 (LAP), and *United States* v. *Lamont Evans et al.*, 17 Cr. 684 (ER), from sharing Confidential Information with each other.

      6. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

Dated:   New York, New York
           November 28, 2017

SO ORDERED:

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

## Consent to Entry of Protective Order

I, Michael Steven Schachter, Esq., have read and reviewed the proposed Protective Order in the case of United States v. James Gatto, 17 Cr. 686 (LAK), and I consent to the entry of the Order on behalf of my client, James Gatto.

*/s/ Michael Schachter / Casey E. Donnelly*
Michael Steven Shachter, Esq. /Casey E. Donnelly/
Attorney for James Gatto

### Consent to Entry of Protective Order

I, Johanna Rae Hudgens, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Merl Code</u>, 17 Cr. 686 (LAK), and I consent to the entry of the Order on behalf of my client, Merl Code.

_____
Johanna Rae Hudgens, Esq.
Attorney for Merl Code

### Consent to Entry of Protective Order

I, Steven A. Haney, Sr., Esq., have read and reviewed the proposed Protective Order in the case of United States v. Christian Dawkins, 17 Cr. 686 (LAK), and I consent to the entry of the Order on behalf of my client, Christian Dawkins.

_____
Steven A. Haney, Sr., Esq.
Attorney for Christian Dawkins

**Designated Person's Consent to Protective Order**

    I am an individual meeting the definition of Designated Persons as described in paragraph 2(c) of the attached Protective Order in <u>United States</u> v. <u>James Gatto et al.</u>, 17 Cr. 686 (LAK). I agree to abide by the terms of the Protective Order and to provide a copy of this signature page to defense counsel.

Name (printed):
Organization:

Signature: _____