# EXHIBIT 1

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:   212 728 8000
Fax:   212 728 8111

January 8, 2018

**VIA E-MAIL**

Edward Diskant
Robert Boone
Noah Solowiejczyk
Eli Mark
Aline Flodr
Assistant United States Attorneys
Southern District of New York
One St. Andrew's Plaza
New York, NY  10007

Re:    _United States v. James Gatto et al., 17-cr-00686-LAK_.

Dear Ted, Robert, Noah, Eli and Aline,

We represent Defendant James Gatto in the above-referenced matter.  On behalf of all Defendants, I write to request all materials to which Defendants are entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure, _Brady v. Maryland_, 373 U.S. 83 (1963), and its progeny, including _Giglio v. United States_, 405 U.S. 150 (1972) and _Kyles v. Whitley_, 514 U.S. 419 (1995), as well as the Fifth and Sixth Amendments to the United States Constitution.

We request that the United States Attorney's Office for the Southern District of New York (the "Office") complete production of the following _Brady_ materials or confirm that no such materials exist within 20 days of receipt of this letter. _United States v. Rodriguez_, 496 F.3d 221, 225 (2d Cir. 2007) ("_Brady_ and its progeny require the Government to disclose material information that is 'favorable to the accused, either because it is exculpatory, or because it is impeaching.'") (quoting _Strickler v. Greene_, 527 U.S. 263, 281–82 (1999)).

1.  Any written or recorded statement, or the substance of any oral statement provided to the Government, made by any person, that is (i) material to preparing Defendants' defense, (ii) material to the elements of the crimes charged in the Indictment, or (iii) will play a significant role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal by Defendants, including but not limited to any statements:

January 8, 2018
Page 2

    a.  in which the declarant states that he or she is not aware of any wrongdoing by any or all of the Defendant(s), or by any other individual or entity referenced in the Indictment or whom the Office contends was part of Defendants' alleged conspiracy;

    b.  which tend to show that faculty, staff, athletic directors, academic directors, or any other employees or representatives of the University of Louisville and/or the University of Miami (together, the "Universities") were aware or otherwise had knowledge of payments made to high school student-athletes or to the families of such student-athletes in order to secure their commitment to attend the Universities;

    c.  which tend to show that faculty, staff, athletic directors, academic directors, or any other employees or representatives of the Universities wanted payments to be made to high school student-athletes or to the families of such student-athletes in order to secure their commitment to attend the Universities;

    d.  which concern the reaction, or anticipated reaction, of the faculty, staff, athletic directors, academic directors, or any other employees or representatives of the Universities regarding violations of the rules of the NCAA;

    e.  which tend to show any Defendant's awareness or understanding that any faculty, staff, athletic directors, academic directors, or any other employee or representative of any university wanted payments to be made to high school student-athletes or to the families of such student-athletes in order to secure their commitment to attend the Universities;

    f.  which concern any certifications, declarations, or affidavits pertaining to NCAA rules, bylaws, or regulations that were signed by coaches, assistant coaches, or members of the athletic department at the Universities;

    g.  which concern any certifications, declarations, or affidavits pertaining to NCAA rules, bylaws, or regulations that were, or would have been, signed by student-athletes at the Universities;

    h.  which concern the Universities' respective processes of awarding and/or revoking athletic scholarships for their men's basketball teams;

    i.  which concern any NCAA sanctions or penalties imposed on the Universities for any reason, including, but not limited to sanctions related to athletic scholarships, athlete eligibility, return of tournament earnings, or fines, whether self-imposed or imposed by the NCAA. This request includes any statements or documentation of cooperation or attempted cooperation by the Universities in any NCAA investigation;

    j.  which concern any consideration given, deliberations about, or determinations made by the NCAA or the Universities with respect to the Indictment's allegations, including considerations regarding the eligibility and/or amateur status of  , the consideration of whether or not to permit those players

January 8, 2018
Page 3

      to practice and compete on NCAA-affiliated teams, the possibility of sanctions (including self-imposed sanctions) and the potential for cooperation or attempted cooperation by the Universities in any NCAA investigation;

    k.  which concern knowledge by any Adidas employee, contractor, consultant, or representative of benefits provided or offered to amateur athletes or their families and friends, including but not limited to cash, transportation, travel expenses, merchandise, or any other form of financial support;

    l.  which tend to show that any or all of the Defendants lacked knowledge or information regarding (i) the payments alleged by the Government to have been funneled to student-athletes, (ii) the source of such payments, or (iii) the circumstances surrounding such payments;

    m.  which are in any way inconsistent with the allegations in the Indictment;

    n.  which the Government knows, or through reasonable diligence should have reason to know, are false. This request includes, in addition to identification of the individual who made the false statement, any information regarding when the false statement was made by the individual or their representative and how the false statement was made;

    o.  which tend to show that the declarant is untrustworthy or has been untruthful.

2. Any written or recorded statement, or the substance of any oral statement provided to the Government, made by an <u>attorney</u> for any individual or entity to the Government that is material to the defense, including but not limited to statements concerning the topics listed in Request 1(a)-(o). *See United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 161-65 (2d Cir. 2008). This request includes all notes and drafts, as well as other documents prepared by the Government, to the extent that a statement material to the defense is described within or to the extent that an attorney makes a statement that in any way contradicts, or is inconsistent with or different from any statements made by a potential prosecution witness or the anticipated trial testimony of any potential prosecution witness.

3. Any written or recorded statement, or the substance of any oral statement provided to the Government, made by any person (including but not limited to any cooperator) that inculpates any or all of the Defendants and the use at trial of which could raise issues under *Crawford v. Washington*, 541 U.S. 36 (2004), or *Bruton v. United States*, 391 U.S. 123 (1968).

4. 

5. Identification of all known co-conspirators, whether or not they have been indicted, including, but not limited to, the unidentified co-conspirators listed in the Indictment.

January 8, 2018
Page 4

6. Identification and description of all false statements allegedly made, or caused or planned to be made, as part of the wire fraud conspiracy described in the Indictment, including the date of those misrepresentations, the declarant, and the recipient of the alleged misrepresentations.

7. Identification and description of all payments allegedly made, or caused or planned to be made, as part of the wire fraud conspiracy described in the Indictment, including the date of those payments, the sender of those payments and the recipient of the payments.

8. All documents in the possession, custody or control of the Government regarding any and all evidence concerning payments made by Nike or Under Armour or any representatives, employees, or consultants thereof, to induce high school basketball players to attend NCAA-affiliated universities.

9. All relevant documents and materials produced to the Office in connection with the following actions, which have not yet been produced to us, or confirmation that all such materials will be produced within 20 days: *United States v. Lamont Evans, et al.* (17-cr-684); *United States v. Chuck Connors Person and Rashan Michel* (17-cr-683).



January 8, 2018
Page 5



    e.

    f.

    g.

11. To the extent not already produced, a description of any evidence or other information in the Government's possession, custody, or control obtained by a search and seizure. Please provide details regarding any searches conducted in the course of this investigation whether or not items seized in the search will be introduced by the Government as evidence at trial, including but not limited to the premises search, the date of the search, and description of any items seized.

12. Identification of the date on which the Government first accessed, or attempted to access, the mobile phone(s) of each of the Defendants. If this date was prior to the Government's receipt of a court order authorizing the search of such cell phone, please confirm that fact and describe the nature and extent of any review that was conducted in advance of receipt of the search warrant.

13. Description of the means and methods of searching Defendants' cell phones, including a description of any key words or temporal restrictions employed in the search and an explanation of any measures taken to avoid review of protected spousal, attorney-client, clergy-penitent, doctor-patient or other protected communications or information.

14. All documents in the possession, custody or control of the Government regarding the "FBI minimization procedures" used when recording and transcribing wiretaps, including but not limited to a full narrative description of the minimization procedures implemented with respect to the wiretaps of Defendants, and all records, files, logs, or other documents reflecting the minimization of Defendants' recorded calls.

15. All notes, whether handwritten or in electronic form, taken by FBI agents or other law enforcement personnel during wiretap recordings of Defendants or anyone else recorded during the FBI's investigation into the allegations set forth in the Indictment, including identification of persons heard or suspected to have been heard during such recording sessions.

16. All documents and communications in the possession, custody or control of the Government, concerning instructions, whether written or oral, given to FBI agents or other law enforcement

January 8, 2018
Page 6

personnel listening during wiretap recordings of the Defendants or anyone else recorded during the FBI's investigation into the allegations set forth in the Indictment, including but not limited to: who the wiretaps were targeting, how long the agents should listen in before deciding whether the call was relevant, how long to keep notes, whether the agents should dispose of notes, who was suspected to be heard on each wiretapped device, what key words were to be listened for, and what key events, identifications, or conversation topics, if any, were to be reported upon discovery.

17. Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked.

18. Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any Government agent, prosecutor, or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case.

19. Any documents shown to any potential witness interviewed by any Government agent, including but not limited to draft complaints or indictments, photos, diagrams, emails, or other purported evidence.

20. All documents concerning presentations or proffers made to the Government by counsel on behalf of any potential witness containing statements which may tend to exculpate the Defendant, or any other individual or entity referenced in the Indictment or who the Office contends was part of the Defendants' alleged scheme to defraud, or that may tend to affect the weight or credibility of the evidence to be presented against the Defendants.

21. Information regarding any and all threats or promises, express or implied, made to any potential witness for the Government, including without limitation statements concerning criminal prosecutions, investigations, or proceedings pending or which could be brought against any such witness or against a family member, friend or entity with which such witness is associated. This request specifically seeks, but is not limited to oral or written statements made by an Assistant United States Attorney or other law enforcement official to any individual or his or her lawyer in connection with an interview or testimony of such individual, or a proffer given by the individual's attorney, concerning (i) whether an Assistant United States Attorney or other law enforcement official tended to doubt the individual's credibility or the statements he or she made during the interview, testimony, or at any other time; (ii) that the individual might be subject to criminal or regulatory charges, NCAA investigations or sanctions, or immigration proceedings for any reason, including any and all draft complaints prepared bearing that person or entity's name; (iii) formal or informal, direct or indirect leniency, favorable treatment, or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, NCAA, or other matter; (iv) civil, criminal, or tax immunity grants to a witness; (v) payments

January 8, 2018
Page 7

of money, rewards or fees, witness fees, and special witness fees; (vi) provisions of food, clothing, transportation, legal services or other benefits; (vii) letters to anyone informing the recipient of a witness's cooperation; (viii) recommendations concerning federal aid or benefits; (ix) promises to take affirmative action to help the status of a witness in a profession, business, or employment, or promises not to jeopardize such status; (x) aid in efforts in securing or maintaining the business or employment of a witness; (xi) aid in any potential NCAA investigation; and (xii) anything else that arguably could reveal an interest, motive or bias in a witness in favor of the prosecution or against the Defendants or act as an inducement to testify or to color the witness's testimony.

22. Any and all statements—formal and informal, oral or written—by the Office, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any Government action—state or federal, civil or criminal—or immigration matters against the witness or anyone related by blood or marriage to the witness.

23. Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications of each witness the Government intends to call at trial.

24. Any and all records and information revealing misconduct, criminal acts or bad acts of any witness the Government intends to call at trial.

25. A list of any and all requests or demands made to the Government by any witness whom the Government intends to call at trial that arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on behalf of the witness (regardless of whether or not the Government has agreed to provide any favorable action).

26. All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the Government intends to use as a witness at trial, including but not limited to, records relating to treatment of such individual in any federal, state, territorial, city or military drug or detoxification program.

27. All documents and other evidence regarding any physical or mental disease, disability, or disorder potentially affecting the recollection or reliability of any individual the Government intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

28. Any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the Government or reflects or evidences the competency or credibility of the Government's witness or the witness's bias or hostility against Defendants.

29. A list of all other judicial proceedings in the United States or abroad involving a criminal matter in which any person who is a potential prosecution witness in this action participated as a witness, was identified as an unindicted co-conspirator or an aider and abettor, or was charged as a defendant.

January 8, 2018
Page 8

30. Any statements or documents, including but not limited to, grand jury testimony and federal, state, and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence should have reason to know, are false. This request includes, in addition to identification of the individual who made the false statement, any information regarding when the certification of the false statement was made by the individual or their representative and how the certification of the false statement was made.

31. The existence and identification of each occasion on which any witness, including any witness who is or was an informant, accomplice, co-conspirator, or expert, has testified before any court, NCAA committee, or other tribunal or body, or otherwise has given an official narration, in relation to the Defendants, the investigation, or the facts of this case.

32. Any requests prepared by the prosecution for permission to grant immunity or leniency to any witness, whether or not such request was granted.

33. Copies of the transcript(s) of the testimony before the grand jury in this matter regarding any statements made by any of the Defendants.

34. Information regarding any persons who were present during grand jury proceedings other than grand jurors, the witnesses under examination, and the court reporter, and the attorneys for the Office.

35. Information regarding whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than grand jurors, court reporters, and attorneys for the Office. If such disclosure was made, please provide a copy of any court orders authorizing such disclosure and identity of all persons authorized to receive such disclosure.

36. Information regarding whether any investigation or inquiry was conducted to determine if any grand jury information was impermissibly disclosed to any person or entity, in violation of Rule 6 of the Federal Rules of Criminal Procedure. If such an investigation or inquiry was conducted, please provide all documents concerning the investigation, including documents concerning any findings or conclusions.

37. All documents reflecting any Defendants' prior criminal record. Fed. R. Crim. P. 16(a)(1)(D). In addition, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the Office disclose all evidence of other similar crimes, wrongs, or acts allegedly committed by the Defendants upon which the Office intends to rely.

38. To the extent not already requested, please produce all documents or information that tends to exculpate or be favorable to the Defendants, as alleged in the indictment, or that tends to affect the weight or credibility of evidence to be presented against the Defendants at trial, including but not limited to, all statements or documents regarding statements made by any persons who

January 8, 2018
Page 9

were interviewed in connection with this matter and did not supply incriminating information with respect to the Defendants, as alleged in the Indictment.

As you know, Section 9-5.001 of the United States Attorneys' Manual recognizes "that it is sometimes difficult to assess the materiality of evidence before trial" and instructs that "prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence." The Manual acknowledges that due process requires that "disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial." In particular, "[e]xculpatory information must be disclosed reasonably promptly after it is discovered."

Accordingly, we expect that you will produce the above requested data no later than Monday, January 29, 2018. If the Office is unwilling to produce these materials (or any subset of these materials) and/or is unwilling to confirm to Defendants that the requested materials do not exist, please inform Defendants of that position, and explain the legal basis for the Office's refusal, within 15 days of the receipt of this letter, so that Defendants can evaluate whether to file a motion to compel with the Court by February 9, 2018.

Each of these requests is of a continuing nature and calls for supplementation as soon as the Government discovers additional responsive evidence, information, or material. We also request that the Government preserve and maintain all relevant notes, reports, and recordings prepared by or for the Government agents or prosecutors, as well as any document, paper, tangible object, tape recording, or other potential item of evidence which is now or may hereafter come within the Government's possession, the production of which is requested in this letter.

In addition to the above requested data, we also request the immediate return of all of the seized cell phones as well as the immediate return of all copies of any electronic data removed from the seized cell phones that have not to date been identified as pertinent to the investigation. We request that the Government not retain any electronically stored information from any of the Defendants' cell phones that has not at this moment been specifically identified as pertinent to the investigation and within the scope of the applicable search warrant.

We reserve the right to request additional discovery as we review the discovery materials the Office produces.

If you have any questions or would like to discuss further, please do not hesitate to contact me.

Very truly yours,

Michael S. Schachter

cc:
All Counsel (by email)