# EXHIBIT 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 31, 2018

**By Electronic Mail**

Michael S. Schachter, Esq.
Casey Donnelly, Esq.
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019

Andrew A. Mathias, Esq.
Mark C. Moore, Esq.
Nexsen Pruet, LLC
55 East Camperdown Way, Suite 400
Greenville, SC 29601

Steven Haney, Sr., Esq.
Haney Law Group, PLLC
3000 Town Center, Suite 2570
Southfield, MI 48075

Re:   *United States* v. *James Gatto, et al.*, 17 Cr. 686 (LAK)

Dear Counsel:

We write in response to your letter of January 8, 2017 seeking "all materials to which Defendants are entitled pursuant to Rule 16 . . ., *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972) and *Kyles v. Whitley*, 514 U.S. 419 (1995), as well as the Fifth and Sixth Amendments to the United States Constitution." The letter then lists 38 different categories of what it deems "*Brady* materials" (collectively, the "Requests").

As an initial matter, we take seriously our disclosure obligations, including those arising under Rule 16, *Brady* and its progeny, and *Giglio* and its progeny, and we intend to comply fully with those obligations. We intend to do so irrespective of whether you specifically request such material, or how you characterize that material. Indeed, as you are aware, we have made substantial productions pursuant to Rule 16 already in this case. In addition to those productions, in an abundance of caution and in order to assist you in preparing your defense, we have made several additional disclosures by letters dated September 25 and December 19, 2017. The Government will continue to fulfill all of its obligations going forward.

However, your unilateral assertion that particular items constitute "*Brady* materials" does not itself render those materials subject to disclosure, let alone immediate disclosure some eight months before trial. To the contrary, a substantial amount of the materials sought in the Requests are plainly material to which you are entitled, if at all, solely pursuant to Title 18, United States

Code, Section 3500 (hereinafter "3500 Material") or *Giglio v. United States*, 405 U.S. 105 (1972) and its progeny (hereinafter "*Giglio* Material"). We highlight, in this respect, Requests 4, 10, 17-32, and substantial components of Requests 1, 2, 3 and 38. As you are aware, it is the standard practice in this District that such material is produced shortly in advance of trial, a practice that has been widely held to be sufficient to satisfy the requirement that *Giglio* be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Immediate disclosure of such material is not warranted simply because the defendants prefer it. *See, e.g., United States v. Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010) (declining to order immediate disclosure of *Giglio* material, because the Government stated it would provide both *Giglio* and Jencks Act material "shortly before trial"); *United States v. Davis*, No. 06 Cr. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. March 11, 2009) ("The Second Circuit has held that a request for immediate or early disclosure [of *Giglio* material] has no basis in the law.").

Consistent with that well-established practice, we intend to begin producing any 3500 and *Giglio* Material substantially closer to trial. In return, we reiterate our request that the defendants disclose prior statements of witnesses they will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendants with such material relating to Government witnesses, and we are amenable to discussing a schedule for all parties' pretrial disclosures as the trial date approaches.

With respect to your remaining requests, we endeavor to respond directly to those below. By voluntarily providing this information, the Government is not limiting its evidence, arguments or legal theories at trial in any way. If you have any questions or would like to confer further, please let us know.

**Requests 1(b)-(k) – Statements Regarding the Universities, the NCAA, and Adidas**: As we noted above, we believe substantial components of Request 1 call for material that, if discoverable at all, is so only as *Giglio* and/or 3500 Material for a testifying witness at trial. Nonetheless, we note with respect to Requests 1(b)-(h), that we have produced to you materials obtained from the University of Louisville and the University of Miami, including emails and text messages involving university employees, copies of certifications signed or submitted by student-athletes and their families, and other items that may be responsive to these requests. (UOL0000001-UOL0033997; UM.MBB000001-UM.MBB003137.) Similarly, with Respect to Requests 1(i)-(j), we have produced to you materials obtained from the NCAA, including items that may be responsive to these Requests. (NCAA-SDNY_00000001-NCAA-SDNY_00000959.) Finally, with respect to Request 1(k), we have produced to you materials obtained from Adidas, including emails and text messages involving various Adidas employees and other items that may be responsive to this Request. (ADID000000000-ADID000089242.)

**Requests 3 and 37 – Statements that Could Raise Issues Under *Crawford* or *Bruton*; Criminal Histories for all Defendants:** As we indicated in our email correspondence of December 22, 2017 with Mr. Schachter, we have produced the contents of any post-arrest statement to the attorney for the defendant who made the statement. We have similarly produced the criminal history, if any, for each defendant to his attorney. We do not believe we have any

obligation, at this stage, to make further productions, or to identify any statements we intend to introduce at trial that could raise issues under *Crawford v. Washington*, 541 U.S. 36 (2004), or *Bruton v. United States*, 391 U.S. 123 (1968). Nor do we intend to identify evidence we may seek to offer pursuant to Rule 404(b) at his stage, as such disclosure would be entirely premature nearly eight months before trial.

The Government intends to make determinations as to which statements it intends to offer at trial (depending, in part, on subsequent developments, including pleas), much closer to trial and will identify for the defense such statements, along with any proposed redactions or modifications necessary to comply with *Bruton* at that time. If the proposed modifications do not, in the defendants' view, satisfy *Bruton*, the Government will be amenable to discussing further modifications. But in any case, and as is typical in a multi-defendant case, the Government believes that *Bruton* issues, if any, should be resolved in the context of *in limine* motions shortly before trial.

Similarly, with respect to any evidence the Government may seek to offer pursuant to Rule 404(b), as you are aware, Rule 404 requires only that "reasonable notice of the general nature of any such evidence" be provided sometime "before trial." Fed. R. Evid. 404(b)(2)(A)-(B). In this Circuit, that provision typically is construed to require notice several weeks before trial. *See United States v. Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (in the "'absence of any threat to the safety of prospective witnesses and the ... Rule 404(b) evidence [is important to] th[e] action,'" courts in this District have generally found that disclosures made approximately 30 to 45 days prior to trial constitute "reasonable notice" to defendants) (quoting *United States v. Nachamie*, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000); *United States v. Livoti*, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998) (Rule 404 does not obligate the Government to provide "unduly early notice" because "early disclosure presents a significant burden on preparation of the Government's case.").

Here, and consistent with the requirements of Rule 404, the Government intends to identify such evidence and provide notice substantially closer to trial.

**Requests 5, 6, 7 – Particularities:** As an initial matter, we note that, to date, the Government has provided a detailed 29-page Complaint followed by a 22-page Indictment, each of which sets out in considerable detail not only the nature of the charges against the defendants, but provides considerable information responsive to Requests 5, 6, and 7. Those charging instruments have been supplemented by the production of extensive discovery, including multiple wiretap applications (which, themselves, provide considerable information relevant to these Requests), and thousands of calls and text messages intercepted pursuant to those applications. We have also provided, at your request, draft transcripts of some of these recordings, and a detailed index to facilitate your review of this discovery.

As such, we believe the information provided to date is more than sufficient to provide you and your clients with notice of the nature of the charges against them and to permit you to prepare for trial. Moreover, we are not aware of any authority requiring the Government to identify in either the indictment or otherwise all known co-conspirators, and all false statements or payments allegedly made, caused to be made or planned to be made in connection with the charged conspiracy that the Government may seek to prove at trial. *See, e.g., United States v. Castro*, No.

08 Cr. 268 (NRB), 2008 WL 5062724, at *2 (S.D.N.Y. Nov. 25, 2008) ("An indictment need not identify all alleged co-conspirators, nor specify the nature, time and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy, nor must it set forth all the evidence the government intends to introduce."); *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."); *United States v. Fruchter*, 104 F. Supp. 2d 289, 313 (S.D.N.Y. 2000) (denying "Defendants' request for names of all aiders, abettors, unindicted co-conspirators, and confidential informants" as "nothing more than a request for a witness list").

To the extent you are considering seeking a bill of particulars, we remind you that a bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case." *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("Acquisition of evidentiary details is not the function of the bill of particulars.") *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) ("'A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.'" (quoting *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001)); *United States v. Sindone*, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a defendant may not "use a bill of particulars to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges."); *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("What defendant seeks is in the nature of the 'wheres, whens and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars." (collecting cases)).

Indeed, it is well established that "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quotations marks and citation omitted); *see also, e.g., United States v. Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014) (same); *United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (same). Here, as set forth above, we do not believe that to be the case. Indeed, we note in this respect that your motion to dismiss the Indictment clearly evidences your understanding of the nature of the charges against your clients. *Cf. United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case.").

**Request 8 – Evidence Related**





**Request 9 – Evidence Related to Material Produced in *United States v. Lamont Evans, et al.* (No. 17 Cr. 684); *United States v. Chuck Connors Person et anon.* (No. 17 Cr. 683):** As noted above, the Government believes it has complied fully with its discovery obligations and has produced voluminous materials pursuant to Rule 16, including a significant amount of material that was also produced to counsel in the two other cases identified in the Request. To the extent you seek material from those two cases that does not fall within the scope of Rule 16 for this case, your request does not articulate a basis in law for your assertion that you are entitled to such material. Nor is the Government aware of any.

To the extent additional material produced in those cases constitutes 3500 and/or *Giglio* Material for any witness expected to testify in this case, we will produce such material substantially closer to trial.





**Requests 11-13 – Evidence Obtained By Search and Seizure, Items the Government Intends to Use at Trial, and Means and Methods of Searching Defendants' Phones:** To date, the Government has produced every application for a search made during the investigation to counsel for any defendant who might arguably have standing to challenge that search. We have also begun to produce documents and records obtained pursuant to those searches, including documents obtained from the search of an email account associated with Christian Dawkins that have been determined to be within the scope of the search warrant. (SDNY_00011371).

With respect to any phones searched during the investigation, we have produced copies of the full contents of any phone seized and searched during the investigation to the attorney for the phone's primary user. Those copies also indicate the date and time at which the phone was accessed for purposes of creating those forensic images. The Government is not aware of any instance in which a cell phone was searched prior to obtaining either a written consent to search from the user of the phone or court authorization to conduct a search of the phone.

As we indicated in our correspondence of December 19, 2017, we are currently in the process of completing our judicially-authorized searches of phones to identify any material within the scope of the respective search warrant. We anticipate making productions of this identified material to all defendants the week of February 5, 2018.

To the extent the Requests seek information about the "means and methods of searching Defendants' cellphones," (Request 13), we are not aware of any authority compelling the

production of such information, to the extent not already produced as a part of the applications for court orders to search those devices.

Finally, to the extent the defendants are requesting identification of items the Government obtained from these searches that the Government intends to introduce in its case in chief at trial, the Government is amenable to discussing a reasonable pretrial schedule for the reciprocal exchange of exhibit lists. However, we are not in a position to do so now, nor do we believe we have any obligation to do so at this time.

**Requests 14, 15, 16 – Wiretap Minimization Procedures and Instructions:** The Government has already produced the written wiretap minimization procedures that were provided to all FBI agents involved in monitoring and minimizing each wiretap. (SDNY_00007701-SDNY_00009632). We have also provided line sheets for each wiretap, which document, among other things, contemporaneous notes taken by the reviewing agent and whether the call was minimized. (SDNY_00000001-SDNY_00001161, SDNY_00001163-SDNY_00004935, SDNY_00004937-SDNY_00006885, SDNY_00006887-SDNY_00007699).

To the extent the Requests seek additional information regarding the minimization procedures, we are not aware of any authority requiring the Government to produce any further materials regarding the minimization procedures or instructions provided in connection with the wiretaps. To the extent the defendants seek notes made by FBI agents or other law enforcement personnel during wiretap recordings of the defendants or anyone else, if such items exist and may be considered to be *Giglio* or 3500 Material for a testifying witness, the Government refers you to its responses to your other requests for such material, above.

**Requests 33-36 – Grand Jury Transcripts, Grand Jury Proceedings:** As the defendants are no doubt aware, disclosure of grand jury materials and information related to grand jury proceedings is not authorized by Rule 16 and is permitted only when "ordered upon a showing of particularized need." *See United States v. Sells Engineering*, 463 U.S. 418, 443 (1983) ("[w]e have consistently construed [Rule 6(e)] . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted"); *see also Dennis v. United States*, 384 U.S. 855, 869-870 (1966). This is because grand jury proceedings are afforded a "presumption of regularity" that may be dispelled only by particularized proof of irregularities in the grand jury process. *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). A review of grand jury minutes "should not be permitted without concrete allegations of Government misconduct." *Id.* at 582.

The Government is aware of no legal basis in this case entitling the defendants to the extraordinary relief of disclosure of the grand jury minutes. Accordingly, the Government will not be producing any materials or information related to grand jury proceedings at this time. In the event that certain grand jury minutes, such as those documenting the testimony of any witness(es), fall within the scope of Section 3500 or *Giglio*, the Government will produce those materials at the appropriate time.

To the extent the Requests seek information on persons present during grand jury proceedings, the disclosure or release of grand jury materials, and investigations into whether grand jury materials were "impermissibly disclosed," the Government is not aware of any authority

that entitles you to the information you seek under these requests. As noted above, grand jury proceedings are not governed by Rule 16 and therefore are not discoverable. Nonetheless, the Government notes that it takes its obligations under Rule 6 seriously, and the Government believes it has complied fully with those obligations and is not aware of any violations of Rule 6.

**Request Regarding the Search and Return of Cellphones:** With regard to the review of the defendants' cellphones for materials identified to be within the scope of the respective search warrants, as noted above, those searches are ongoing. We anticipate being able to begin producing identified material from those phones beginning the week of February 5, 2018. To the extent your letter seeks to assert January 8, 2018 as the end date for these searches, we are not aware of any authority for the proposition that a defendant has the right to unilaterally dictate a deadline by which a search conducted pursuant to a judicially authorized search warrant is completed.

Once the search is completed, and assuming material within the scope of the search is identified on the phone, the Government will retain the phone as evidence. To the extent no material on the phone is identified as within the scope of the search warrant, the Government will return that device to counsel for the phone's primary user.

## Conclusion

The Government remains available to confer further on any of the topics outlined above. The Government also requests that the defendants confirm whether they have, to date, met their respective reciprocal disclosure obligations under Rule 16(b) and we renew our request for reciprocal disclosure from each of the defendants.

Very truly yours,

ROBERT S. KHUZAMI
Acting United States Attorney

By: /s/
    Edward B. Diskant/Noah Solowiejczyk
    Eli J. Mark/ Aline Flodr
    Assistant United States Attorneys
    (212) 637- 2294/2473/2431/1110