**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2019

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. James Gatto et al.*, (S2) 17 Cr. 686 (LAK)

Dear Judge Kaplan:

The Government respectfully submits this letter in response to defendant James Gatto's letter motion asking this Court to deny requests for restitution submitted by the North Carolina State University and the University of Kansas for the amount of certain legal fees incurred by them and set forth more fully in their victim impact statements (the "Letter Motion"). Gatto's motion asserts for the first time that these requests for restitution are untimely, overbroad, and not sufficiently supported.[1] These arguments are meritless or, at bare minimum, premature. In particular, while Gatto's objection to the specific legal fees sought may be grounds for further evidentiary development after sentencing, as specifically provided for under the Mandatory Victims Restitution Act ("MVRA"), it is not grounds for denial of those requests in their entirety, as he requests.[2]

The MVRA requires the Court to "order restitution to each victim in the full amount of each victim's losses … and without consideration of the economic circumstances of the

---

[1] Notwithstanding the fact that, as detailed herein, defense counsel was put on notice that the Universities might seek to recover legal fees in the initial disclosure of the Presentence Investigative Report ("PSR") in December 2018 and was given the specific number sought by the Universities on February 25, 2019, at no point has counsel for defendant Gatto contacted either the Government or counsel for the relevant Universities to discuss these requests for restitution, to seek additional supporting documentation for them, or to request additional time to respond to them.

[2] The Letter Motion also addresses a Guidelines dispute, which the Government will respond to, as appropriate, at tomorrow's sentencing.

defendant." 18 U.S.C. § 3664(f)(1)(A). The MVRA also provides for procedures for the Probation Office to obtain information, with the assistance of the Government, "to the extent practicable," of a "listing of the amounts subject to restitution. *Id.* § 3664(d)(1). Here, the Probation Office did just that. The initial Presentence Report, dated December 18, 2018, identified a range of losses suffered by the Universities, and the Final Presentence Report, dated January 14, 2019, specifically stated that "the Government has advised that the actual losses incurred by the victim universities may actually be substantially in excess of the one year of tuition, given that victims are entitled to seek, among other things, 'expenses incurred during the participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.'" (Gatto PSR, ¶ 62). Defense counsel objected to *any* restitution being imposed on the grounds that there was no intended or actual loss caused by the offense (*id.*), but declined to address – either with the Probation Office or the Government – the issue of the anticipated request for legal fees.

In circumstances, such as here, where the precise restitution figure has not been identified by the victims more than 60 days prior to sentencing, or there is a factual and/or legal dispute about the victim's losses, the MVRA specifically provides for a procedure to resolve these disputes, including that "the court may require additional documents or hear testimony," and can defer "a date for the final determination of the victim's losses," for up to 90 days after sentencing. 18 U.S.C. § 3664(d)(5); *see also Dolan v. United States*, 560 U.S. 605, 608 (2010) (sentencing court retains power to order restitution even after the 90-day deadline when court makes clear that restitution will be ordered but has not calculated the exact amount); *United States v. Gushlak*, 728 F.3d 184, 191-92 (2d Cir. 2013) (same) Indeed, the Supreme Court has made clear that any deadlines in the MVRA are "primarily to help the victims of the crime . . . rather than to provide defendants with certainty as to the amount of their liability." *Dolan*, 560 U.S. at 613. Any determination of a victim's losses must be proved only by a "preponderance of the evidence." 18 U.S.C. § 3664(e).

Given that Gatto's letter motion raises objections to the Universities' restitution requests at least insofar as they seek legal fees, the Government has notified the Universities of those objections and requested that they collect additional documents in support of their requests. The Government will work with the Universities to ensure that any such documents be provided to the defendant in a timely fashion, so as to permit a restitution order to be entered within 90 days after sentencing or as soon thereafter as practicable. *See, e.g. Dolan*, 560 U.S. at 508.[3] But the defendant's suggestion that his objections to the restitution requests and any need to develop the record with respect to the same requires the Court to deny the Universities' restitution requests in

---

[3] While the Government will address the defendant's substantive objections at the appropriate time, it bears mention that the defendant's financial circumstances, which form a core of defendant Gatto's objections, (Ltr. Mtn. at 3), are not a basis to be considered in awarding restitution, as required by the MVRA. 18 U.S.C. § 3664(f)(1)(A). The defendant's financial circumstances are only appropriately considered in connection with the setting of a schedule for restitution to be paid. *Id.* § 3664(f)(2).

their entirety is without support, and in conflict with the MVRA's requirement that victims be made whole for all compensable losses.

Respectfully submitted,

ROBERT S. KHUZAMI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Edward B. Diskant/Noah Solowiejczyk/
Eli J. Mark/Aline Flodr
Assistant United States Attorneys
(212) 637-2294/2473/2431/1110

cc: Defense counsel (*via email*)