UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
UNITED STATES OF AMERICA,              :   Case No. S2 17-cr-00686 (LAK)
                                       :
v.                                     :   Case No. S2 17-cr-00684 (ER)
                                       :
JAMES GATTO, a/k/a "JIM,"              :   **MOTION TO PARTIALLY UNSEAL**
MERL CODE, and                         :   **EVIDENCE FOR DISCLOSURE TO**
CHRISTIAN DAWKINS                      :   **PARTIES IN RELATED CIVIL**
                                       :   **PROCEEDING**
                                       :
                                       :
              Defendants.              :
------------------------------------------------------- x

Christian Dawkins, with the consent of Merl Code, and James Gatto, hereby moves the Court for an Order partially lifting the seal over documents governed by the protective order in this case to permit disclosure of this evidence to the parties in a related civil matter pending in the U.S. District Court for the District of South Carolina captioned *Brian Bowen II v. Adidas America, Inc. et al.*, Case No. 18-cv-3118-JFA (D.S.C.) ("*Bowen* Litigation").[1] Pursuant to an Order issued by the Hon. Joseph F. Anderson, Jr., the presiding U.S. District Judge in the *Bowen* Litigation, Mr. Dawkins has been instructed to file a motion in the *United States v. Gatto et al.* and *United States v. Merl Code and Christian Dawkins* cases requesting authorization or modification of the operative protective orders to permit disclosure of the sealed evidence to the parties in the civil case. Accordingly, the purpose of this motion is to request the Court's authorization to include the parties and their counsel in the *Bowen* Litigation as "designated persons" under the protective order existing in this case with the understanding that Judge Anderson will immediately issue a similar protective order over this material in the civil case.

---

[1] Because there are protective orders issued in both the *United States v. Gatto et al.*, No. S2 17-cr-00686 (LAK), and *United States v. Code and Dawkins*, S2 17-cr-00684 (ER), cases that govern substantially the same evidence, Judge Anderson has instructed that this motion be filed in both cases.

1

**FACTUAL AND PROCEDURAL HISTORY**

On October 24, 2018, following a three-week trial, Defendants in the *Gatto* case, Jim Gatto, Merl Code, and Christian Dawkins, were convicted of conspiracy to commit, and the commission of, wire fraud related to an alleged corruption scheme involving NCAA Division I men's basketball. The convictions were based on Defendants alleging to have arranged for money to be provided to the families of talented high school basketball players to help recruit those athletes to universities sponsored by Adidas, the sports apparel company, and covering up those payments so those recruits would certify their eligibility under NCAA bylaws thus causing universities to award those players athletic scholarships. In particular, the Government alleged that the Defendants arranged for money to be sent from Adidas to the father of Brian Bowen II in connection with Bowen's recruitment to Adidas-sponsored University of Louisville. The Government further alleged that Mr. Gatto also arranged for similar payments to help two other colleges that Adidas sponsored, North Carolina State University ("NC State") and the University of Kansas to recruit elite high school basketball players. At trial, Defendants did not dispute that they engaged in some of the alleged conduct, and violated some NCAA rules; rather, they argued—and continue to argue on appeal—that what they did was not a Federal crime.

Additionally, at trial the Government presented evidence from several alleged co-conspirators, including Thomas Joseph ("T.J.") Gassnola, a former Adidas consultant who pled guilty pursuant to a cooperation agreement, and Munish Sood, a financial advisor who also pled guilty pursuant to a cooperation agreement. According to trial testimony from T.J. Gassnola, the objective of the alleged scheme was to "make sure that the coaching staffs" of the universities' basketball teams "were happy" with Adidas because he understood that the

2

"basketball coaches" at the colleges "wanted shoe companies to help recruit players to their schools." (Tr. 1080:3-1081:7; 1107:14-17.)

Prior to trial, the government produced evidence to Defendants Gatto, Code, and Dawkins under Federal Rule of Civil Procedure 16(b), including wiretapped telephone calls, text messages, emails and correspondence, and financial records subject to a protective order entered on November 28, 2017 by Judge Kaplan that sealed those materials from disclosure beyond those identified by the parties as Designated Persons. (*Gatto* Dkt. No. 45.)  The protective order was subsequently modified on March 20, 2018. (*Gatto* Dkt. No. 125.)  A separate protective order covering substantially the same evidence was entered in the *United States v. Code and Dawkins* case by Judge Ramos on November 27, 2017. (*Code and Dawkins* Dkt. 48.)  During the course of the two trials, some of the sealed material was admitted into evidence and published to the jury, while the balance of material remains under seal.

On November 19, 2018, after the criminal trial in this case concluded, Brian Bowen II filed a lawsuit against Adidas America, Inc., Jim Gatto, Merl Code, Christian Dawkins, T.J. Gassnola, Christopher Rivers, and Munish Sood alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act") based on their alleged criminal conduct.

In this case, Bowen is of the belief that the Defendants' actions directly injured his NCAA eligibility and his professional basketball career. The allegations in the *Bowen* complaint center on the same set of core facts and evidence presented at the trial of the *Gatto* case that were engaged in by substantially the same parties.  In his civil action, Mr. Bowen alleges that Adidas spearheaded a criminal enterprise engaged in years-long pattern of racketeering activity, specifically federal wire fraud and money laundering, that targeted him, Billy Preston, Silvio

3

DeSousa, Dennis Smith, Jr. and other unnamed amateur high school athletes for the purpose of recruiting those athletes to universities sponsored by Adidas. The defendants in the *Bowen* Litigation dispute their liability and the discovery period in the civil case closes on May 3, 2021.

In the course of discovery in the *Bowen* Litigation, Plaintiff Bowen served requests for production of documents under Federal Rule of Civil Procedure 34 on Defendant Dawkins seeking, among other things, responsive material that is also subject to the protective orders issued in his criminal cases. Mr. Dawkins believes that material subject to the protective orders has the ability to support his and his co-defendants' defenses in the *Bowen* Litigation, while Mr. Bowen believes that this material is relevant and helpful to his case in chief. Yet, because the protective orders in the criminal cases remain in place, Mr. Dawkins found himself in somewhat of a Catch-22 situation: he could not fulfill his discovery obligations in the civil case without violating the Courts' protective orders, therefore he did not produce the requested material. Bowen filed a motion to compel the discovery from Mr. Dawkins and the issue was presented to the U.S. District Court in South Carolina overseeing the *Bowen* Litigation.

On February 3, 2021, the Hon. Joseph F. Anderson, Jr. held an in-person hearing on the motion to compel, during which he observed that under principles of judicial comity he should not compel the production of documents governed by another court's protective order. Nevertheless, he recognized the relevancy or potential relevancy of the sealed material to the *Bowen* Litigation and instructed Mr. Dawkins and Mr. Bowen to petition this Court to partially lift the seal over all of the evidence in this case to allow its production in the *Bowen* Litigation where it would be placed under an identical protective order:

> I think both parties ought to jointly go to New York and file a motion saying I determined they are relevant in this case or may be relevant and I can't delay my case indefinitely while that criminal process plays out because who knows how

4

> long that could be.  It goes up . . . on a Petition for Cert, we could wait for a year and a half on a Petition for Cert to the Supreme Court.
>
> . . . .
>
> I will enter an order before the week is over indicating that I would like to have those documents available down here and directing the parties to file a joint motion in New York with my blessing asking for those documents . . .

(Ex. A, Transcript of Feb 3, 2021 Hrg'g at 23:1-16; 25:23 – 26:2)

Two days later Judge Anderson issued a written order with the following directive:

> The Court instructs Plaintiff [Bowen] and Defendant [Dawkins] to file a joint motion in each court requesting authorization or modification allowing for disclosure of the discovery sought in the civil case.  The joint motion shall be filed within fourteen days of the date this order is entered.  Should relief be granted, this Court anticipates filing its own protective order with substantially similar limitations to effectuate the same protections.

(Ex. B, Feb. 5, 2021 Order at 3.)

Because there is no procedural mechanism under the Federal Rules of Criminal Procedure for Mr. Bowen to intervene in this criminal case, he is unable to formally join in this motion.  In the interest of providing this Court with Bowen's view of the relevancy of the material to his civil case, and to fulfill the spirit of Judge Anderson's directive that the parties jointly seek the relief requested herein, this motion incorporates the views and position of Mr. Bowen as provided by his attorney, Colin V. Ram of McLeod Law Group, LLC.

## **ARGUMENT**

As described in the recitals of the operative protective orders, the purpose of placing certain evidence under seal was to permit the government's disclosure to Defendants of certain unredacted evidence that contains "sensitive information that affects the privacy and confidentiality . . . of specific individuals," or that could jeopardize "the Government's ongoing criminal investigations of additional uncharged individuals."  (*See Gatto* Dkt. 125 at 1; *see also Code and Dawkins* Dkt. 48 at 1).

5

Mr. Dawkins is not requesting in this motion any relief that would disturb the confidentiality of the evidence or jeopardize any remaining investigation. Rather, he is requesting—pursuant to Judge Anderson's prior determination of relevancy and his February 5, 2021 Order—that the scope of individuals permitted to have access to the sealed material include the parties and their counsel in the *Bowen* Litigation. While Mr. Dawkins cannot speak to whether the government's investigation of the alleged bribery scheme remains ongoing or whether additional individuals or corporations (i.e., Adidas) will be charged, given the substantial passage of time since the charges were first unsealed and the completion of the jury trials in this case, it appears doubtful that criminal charges would be brought against others.

Discovery in the *Bowen* Litigation has included the exchange of a substantial amount of materials that are potentially subject to the protective order in this case, including documents produced by the parties in the *Bowen* case to the government in response to grand jury subpoenas and informal requests for documents issued by the U.S. Attorney's Office. Discovery in the *Bowen* Litigation has also resulted in the production of a thousands of text messages to and from non-parties that include discussions with other individuals who are not parties to the civil or criminal cases. Thus, as set forth in Judge Anderson's February 5, 2021 Order, if the relief requested herein is granted, he will place the sealed materials under a similar protective order to ensure that the protections afforded this evidence remain substantially in place. According, there should be few if any concerns arising from the addition of Designated Persons on the privacy interests of third-parties.

Put simply, while discovery in the *Bowen* Litigation has revealed much of the story, there is more to it in the evidence presently under seal that bears on the parties' claims and defenses in the civil case. Without it, Defendants Dawkins, Gatto, and Code are unable to fully support their

defenses in that case without their and their counsel's ability to access these materials in their defense, while Plaintiff Brian Bowen likewise is limited in his ability to establish the elements of RICO liability (i.e., evidence of an alleged pattern of racketeering activity by Adidas Bribery Enterprise participants, including college coaches at Adidas sponsored universities).

Section 2 of the operative protective orders governs the maintenance and dissemination of the sealed materials in this case. Section 2(c) authorizes disclosure of materials to persons other than Defendants or the government, such as legal staff, experts, and potential witnesses—persons whom the protective order classifies as "Designated Persons." Thus, the scope of distribution of these materials is not presently limited to the parties in the case—the protective order expressly permits sharing of these materials with non-party witnesses on condition that those individuals do not retain copies of the confidential information. *Id.*

Additionally, the order permits Defendants to disclose the sealed materials to "such other persons as hereafter may be authorized by the Court upon motion by the defendant." (*Id.*, ¶ 2(c)(iv).) Here, Mr. Dawkins moves the Court to authorize him to disclose the sealed materials to the parties and counsel in the *Bowen* Litigation listed in the table below.

| Proposed Designated Persons to be Added from the *Bowen* Litigation[2] ||
|---|---|
| **Party** | **Legal Counsel** |
| Brian Bowen II (Plaintiff) | McLeod Law Group, LLC |
| Adidas America, Inc. (Defendant) | Debevoise & Plimpton LLP |
| *James Gatto (Defendant)* | Deborah B. Barbier, Esq. |
| *Merl Code (Defendant)* | Finger, Melnick, Brooks & LaBruce, P.A. |
| *Christian Dawkins (Defendant)* | *Haney Law Group PLLC* |
| Christopher Rivers (Defendant) | Nelson Mullins Riley & Scarborough LLP |
| Munish Sood (Defendant) | Troutman Pepper Hamilton Sanders LLP / Clement Rivers, LLP |
| Brian Bowen Sr. (Cross Claim Defendant) | Goings Law Firm, LLC |

---

[2] T.J. Gassnola is a defendant in the *Bowen* Litigation but has not answered the complaint and no attorney has entered an appearance on his behalf. He has also failed to participate in the litigation or discovery process. For this reason, Mr. Dawkins does not propose to add him to the list of "designated persons" at this time.

Because Gatto, Code, and Dawkins are defendants in both this case and the *Bowen* case and, therefore, already have knowledge of the contents of the sealed materials, they request permission to access and rely on the sealed evidence in the civil litigation subject to the limitations to be imposed by Judge Anderson in a forthcoming protective order should this Motion be granted.

Unlike prior requests to <u>unseal evidence</u> in this case brought by the NCAA and Oath, Inc., *see Gatto* Dkt. 314, the continued protection to be afforded under a protective order issued by the District of South Carolina provides two guarantees: first, the evidence will remain confidential per the terms of Judge Anderson's forthcoming protective order; second, any publication of the evidence at trial will be subject to prior judicial review in the District of South Carolina. This latter point is important–as much as this Court has called balls and strikes regarding the admissibility of evidence during Defendants' criminal trial after weighing competing factors such as relevance, prejudice, and risk of confusion of the issues, the District of South Carolina will make similar determinations under the Federal Rules of Evidence before any material is admitted at the civil trial, which is currently scheduled for Summer 2021. Thus, an Article III court of competent jurisdiction will continue to have oversight over the unsealing or publication of evidence governed by the operative protective order issued in this case.

## **CONCLUSION**

To facilitate the related civil proceeding pending in the District of South Carolina, and to ensure the parties in that case, including the Defendants here, have equal access to relevant evidence in the prosecution and defense of that case, and in the interest of justice and judicial economy, Christian Dawkins respectfully requests the Court partially unseal the evidence in this

8

case to permit its production to the parties to the *Bowen* Litigation subject to a protective order to be issued in that case.

Dated: February 19, 2021            Respectfully submitted,

**HANEY LAW GROUP PLLC**

By: /s/ Steven A. Haney

Steven A. Haney, Sr.
3000 Towncenter Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470
*Attorneys for Christian Dawkins*